

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. A. McElrath
County Auditor
Cooke County
Gainesville, Texas

Dear Sir:

Opinion No. O-5363

Re: Liability of land held in
the name of the United States
for State and county ad valorem
taxes.

We copy herewith your opinion request of June 2,
1943:

"Senate Bill No. 126 revising article No. 7151
was passed at the regular session of the 48th legis-
lature and reads as follows:

"'Article 7151.
"'All property shall be listed for taxation be-
tween January 1 and April 30 of each year, when
required by the assessor, with reference to the
quantity held or owned on the first day of Jan-
uary in the year for which the property is re-
quired to be listed or rendered. Any property
purchased or acquired on the first day of January
shall be listed by or for the person purchasing
or acquiring it. If any property has, by reason of
any special law, contract, or fact, been exempt or
has been claimed to be exempted from taxation for
any period or limit of time, and such period of
exemption shall expire between January 1 and December
31 of any year, said property shall be assessed and
listed for taxes as other property; but the taxes
assessed against said property shall be for only
the pro rata of taxes for the portion of such year
remaining.

"'Provided further, that if the United States
Government or any of its agencies having the
power of condemnation shall take over the possession
of property under authority of any law authorizing

Honorable R. A. McElrath, Page 2

it to condemn said property, or under an option to buy said property from the owner, or under an agreement by the owner to sell said property, or shall comply with the laws relating to condemnation to such an extent as to entitle it to the possession of said property, or to constitute a taking thereof from the owner or person in whose name title rests, then such condemning authority shall be considered the owner of said property for all the purposes of state and county taxation from the date of taking possession thereof, or from the date of its complying with the condemnation laws to the extent that it is entitled to possession of said property, or from the date it has complied with the condemnation laws to the extent that there has been a taking of said property from the owner, whichever occurs first.'"

"Sec. 2. The fact that the United States Government has acquired and is acquiring and will continue to acquire considerable property in this state and in the several counties of this state by purchase or condemnation, to be used by the United States Government or its agencies, for general governmental purposes and in pursuance of the war effort now being conducted against Germany, Japan, and Italy, and the fact that ad valorem taxes for the years of 1941 and subsequent years in which said property has been acquired, is being acquired, or will be acquired, are not included in the consideration of passage of title to such property in most instances, and further, that said property is acquired through no fault of the landowner, and results in complete and total loss to the landowner, of the enjoyment of his property, creates and constitutes a public calamity in those counties, towns, and villages in which such condemnations have been made necessary and are necessary and which will be made necessary by reason of the pursuance of the present war by the United States Government, and creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to go into effect ninety days from and after their passage, be and the same are hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

"Effective April 7, 1943

"Camp Howze, Texas, covering more than 58,000 acres, is located in Cooke County. In the establishment of this camp the United States Government purchased the land and

Honorable R. A. McElrath, Page 3

now holds title to same except approximately 5,000 to 10,000 acres whose owners were not satisfied with the values placed upon their lands by the Government appraisers, and are seeking, through court action, to obtain what they regard as a fair price for their lands. However, the lands which have not been deeded to the Government have been taken possession of by the Government, and are included in the Camp which has been in operation since late in 1942.

"It appears that in the passage of the above mentioned Senate Bill No. 126 it was the intention of the legislature to provide a means of assessing and collecting state and county taxes on all such lands as are included in Camp Howze. However, it does not say specifically that where title rests in the Government, as is the case with this Camp, with the exceptions noted, such taxes may be assessed and collected.

"In view of the facts set forth above your opinion is requested on the following proposition:

"Does the Tax Assessor-Collector of Cooke County have the authority, under the terms of said Senate Bill No. 126 or any other law, to assess and collect state and county taxes in the name of the United States Government of all lands in the Camp Howze area the same as he does have under existing laws to assess and collect taxes in the name of an individual owner of all property owned by such individual?"

As we construe your letter you inquire whether the provision in Senate Bill No. 126 to the effect that under the conditions therein stated "such condemning authority shall be considered the owner of said property for all the purposes of state and county taxation..." impliedly authorized the assessment and collection of taxes against land held in the name of the United States.

Regardless of the constitutionality of Senate Bill No. 126 (see our Opinion No. 5290 enclosed herewith) and regardless of any question of the power of a state to levy taxes against land owned by the United States, we feel that the land in question is not subject to taxation. Even if we should assume that Senate Bill No. 126 is constitutional, it is apparent from its emergency clause that this act was passed to relieve from taxation those persons whose land is in the process of condemnation rather than to authorize such land to be taxed

Honorable R. A. McElreth, Page 4

against the United States. In our opinion, the statement that the condemning authority shall be considered the owner of such property for all the purposes of state and county taxation merely means that for the purposes of taxation such land shall be treated as are other lands owned and held by the condemning authority.

It is plain that other lands held for military purposes by the United States are expressly made exempt from taxation. Title 85 of the Revised Civil Statutes authorizes, inter alia, the acquisition of land by the federal government for "forts, military stations, magazines and arsenals" (Art. 5242) and provides in Article 5248 thereof:

"The United States shall be secure in their possession and enjoyment of all lands acquired under the provisions of this title; and such lands and all improvements thereon shall be exempt from any taxation under the authority of this State so long as the same are held, owned, used and occupied by the United States for the purposes expressed in this title and not otherwise."

We find nothing in Senate Bill No. 126 or in any other law of this State authorizing any such lands to be taxed; consequently, your question is answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead

R. Dean Moorhead
Assistant

APPROVED JUN 16, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

RDM/JP
Encl.


APPROVED
OPINION
COMMITTEE
BWB
BY CHAIRMAN